UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CPHP DEVELOPMENT, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TETRA TECH, INC., et al.,<br><br>Defendants. | Case No. 20-cv-01485-JD<br><br>**ORDER RE DEVELOPER PLAINTIFFS' MOTION TO DISQUALIFY DR. TILL AND FOR PROTECTIVE ORDER** |

For the request by the Developer Plaintiffs (DPs) to disqualify Dr. John Till from serving as an expert for defendant United States of America, the Court held an evidentiary hearing at which Dr. Till testified. *See* Dkt. No. 147 (disqualification and protective order motion); Dkt. No. 154 (hearing order). DPs examined Dr. Till. At the Court's direction, the United States was represented by a Department of Justice lawyer without any past or future involvement with this case or the Hunters Point radiation litigation generally. Dkt. No. 154.

Disqualification and a protective order are denied. As the transcript of the hearing establishes, *see* Dkt. No. 169, the DPs' communications with Dr. Till were infrequent, desultory, and generic. The most substantive exchange was at a July 2019 introductory meeting, which was essentially just a getting-to-know-you meeting between DPs and Dr. Till. *Id*. at 14. As Dr. Till testified, he did not obtain at the July 2019 meeting, or anytime after that, any confidential information from DPs about the case, the claims and defenses, or litigation plans, tactics, and strategies. *Id*. at 15-17; 24-25. He did not provide substantive services or advice to DPs with respect to the case. *Id*. at 21.

Dr. Till received a letter in September 2019 from counsel for DPs purporting to retain him as a "consulting expert," which he considered "very strange" because he had not agreed to work

with the DPs, and the letter was not like any retention contract he had previously seen. *Id*. at 16-18. Dr. Till did not do any work for DPs after that letter, and had only two more communications with counsel, in June and December 2020, to the effect that there was nothing for him to do. *Id*. at 19-21. Dr. Till never considered himself to be engaged by DPs, and never did any substantive work for them. *Id*. The only payment made by DPs to Dr. Till was to cover his travel and preparation time for the July 2019 meeting. *Id*. at 22.

The Court found Dr. Till to be a forthright and credible witness. DPs did not demonstrate otherwise, or establish that "specific and unambiguous disclosures" were made to Dr. Till that might prejudice DPs and warrant disqualification. *See Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 3d 1087, 1094 (N.D. Cal. 2004); *In re Incretin-Based Therapies Prods. Liability Litig.*, 721 F. App'x. 580, 584 (9th Cir. 2017) (unpublished).

**IT IS SO ORDERED.**

Dated: July 27, 2022

JAMES DONATO
United States District Judge